IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE WILSON,<br><br>        Petitioner,<br><br>vs.<br><br>RYAN S. POST, District Judge District Court of Lancaster County Lincoln, NE; and MIKE HILGERS, Attorney general for Nebraska;<br><br>        Respondents. | 8:23CV326<br><br>**AMENDED**<br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Jesse Wilson's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The Petition incorporates by reference a Brief in Support of his Petition and several attached exhibits, Filing No. 2. Filing No. 1 at 2. The Court will treat the Brief and attached exhibits as supplemental to the Petition. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Instead, Petitioner filed a handwritten Petition, Filing No. 1, a sixteen-page Brief in Support, Filing No. 2 at 1-16, and several exhibits supporting his Petition, Filing No. 2 at 16-47. Although

Petitioner makes a vague allusion to a claim for ineffective assistance of counsel, Filing No. 2 at 9, he does not clearly indicate the decision or action he is challenging or the grounds upon which he seeks habeas relief.

Second, Petitioner has named improper respondents in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named Ryan S. Post, District Judge District Court of Lancaster County, Nebraska, and Mike Hilgers, Attorney General for Nebraska, neither of which is a proper respondent. Rob Jeffreys is the director of the Nebraska Department of Correctional Services ("NDCS") and is the proper respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1. The pending Petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

2. By **December 23, 2025**, Petitioner shall file an amended petition for writ of habeas corpus that is signed under penalty of perjury and in which he names the proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case

must clearly display the case number (8:23CV326). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **December 23, 2025**: Check for amended petition.

Dated this 24th day of November, 2025.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge